**E-FILED on**   2/29/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED BUFFET, INC. dba CRAZY BUFFET, a corporation; ZHOU NI, an individual,<br><br>        Defendants. | No. 11-cv-4194 RMW<br><br>ORDER GRANTING DEFAULT JUDGMENT<br><br>**[Re Docket No. 12]** |

    Plaintiff Hilda Solis, Secretary of Labor, United States Department of Labor (the "Secretary") moves for default judgment against defendants United Buffet, Inc. dba Crazy Buffet ("United Buffet") and Zhou Ni ("Ni") (collectively "defendants") for violations of the minimum wage, overtime pay, and record keeping provisions of the Fair Labor Standards Act (the "FLSA"). Having considered the papers and oral argument, the court grants the motion for default judgment and the Secretary's requests for an award of unpaid compensation and injunctive relief.

ORDER GRANTING DEFAULT JUDGMENT
No. 11-cv-4194 RMW
EDM

# I. BACKGROUND

The following facts are drawn from the uncontested allegations in the complaint and declarations supporting the instant motion. United Buffet operated a buffet-style Chinese restaurant in Sunnyvale, California called Crazy Buffet. Dkt. No. 1 ("Compl.") ¶ 4(a). United Buffet had "employees engaged in commerce" and an annual gross volume of sales of not less than $500,000. Compl. ¶ 6.

Between July 27, 2010 and December 1, 2010, Harry Hu, a Wage and Hour Investigator at the San Francisco Office of the U.S Department of Labor, conducted an investigation into the wages, hours and other conditions of employment maintained by United Buffett. Dkt. No. 12-3 ("Hu Decl.") ¶ 3. The investigation included "a review of Defendants' records, interviews with Defendants' employees and the obtaining of other relevant information." *Id.* ¶ 4. The investigation revealed that United Buffet required its employees to "kick back" their entire non-tip pay for nearly eight months, that the amount employees received in tips fell below the hourly tip credit that could be applied to minimum wage, and that United Buffett failed to pay any half-time premium for hours worked over forty in a week. Dkt. No. 16 ("Hu Decl. #2") ¶¶ 5-6.

In September 2010, Investigator Hu conducted an interview with defendant Ni, who stated: "I'm in charge of the whole restaurant. I do all the hiring and firing here." Hu Decl. #2 ¶ 4(A). Investigator Hu conducted additional interviews with restaurant employees and restaurant owner Steven Ni, each of whom indicated that defendant Ni managed the employees and the operation of the restaurant. *See id.* ¶¶ 4(B)-(C).

On August 24, 2011, the Secretary initiated this lawsuit. She alleges that beginning on September 21, 2009, defendants willfully and repeatedly violated the FLSA by depriving their employees of minimum wage and overtime pay, and failing to maintain accurate employment records. Compl. ¶¶ 7-10. In addition, the complaint alleges that Ni acted "directly or indirectly" in the interest of United Buffet in relation to the thirty-two employees identified in Exhibit A attached to the complaint. *Id.* ¶ 4(b); Hu Decl. ¶ 4(D).

Summons were issued to defendants on September 1, 2011, and the Secretary served process on defendants on September 26, 2011. Defendants failed to respond. On October 18, 2011, the

ORDER GRANTING DEFAULT JUDGMENT
No. 11-cv-4194 RMW
EDM           2

1 clerk entered default against both defendants. The Secretary filed the instant motion on October 21,
2 2011. She seeks unpaid wages on behalf of thirty-two employees for the period from September 26,
3 2009 to October 30, 2010 in the amount of $201,950.00, an equal amount in liquidated damages,
4 costs, and an injunction prohibiting defendants from engaging in further violations of the FLSA.

## II. DISCUSSION

**A.    Default judgment**

Any party may apply to the court for default judgment under Federal Rule of Civil Procedure 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

After the entry of default, well-pleaded factual allegations are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In considering a motion for default judgment, the district court is not required to make detailed findings of fact. *Id.* at 906 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990)). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**1.    Merits of Substantive Claims and Sufficiency of Complaint**

Under the FLSA, every employer must pay a minimum wage to "each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). In addition, the statute provides that any employee who works more than forty

ORDER GRANTING DEFAULT JUDGMENT
No. 11-cv-4194 RMW
EDM                                                    3

1 hours in one week must be paid at a rate "not less than one and one-half times the regular rate at
2 which he is employed." 29 U.S.C. § 207(a)(1).  Finally, the FLSA requires employers to keep
3 accurate records of the "wages, hours, and other conditions and practices of employment." 29
4 U.S.C. § 211(c).

5       An employer is subject to the FLSA if either (1) its employees individually are "engaged in
6 commerce" or (2) the employer is an "enterprise engaged in commerce." *See* 29 U.S.C. §§ 206-07.
7 Here, the Secretary alleges that United Buffet operates a buffet-style Chinese restaurant in which
8 employees "engaged in commerce" and which had an annual gross volume of sales in excess of
9 $500,000. Compl. ¶ 6.  Such allegations, taken as true, are sufficient to bring United Buffet within
10 the ambit of the FLSA as an "enterprise engaged in commerce." *See* 29 U.S.C. § 203(s)(1) (an
11 "enterprise" is covered by the FLSA if it "has employees engaged in commerce" and "annual gross
12 volume of sales made or business done ... not less than $500,000.").  The complaint also specifically
13 alleges that United Buffet violated sections 206, 207 and 211 of the FLSA by failing to pay
14 minimum wage and overtime and neglecting to keep accurate employment records. Compl. ¶¶ 7-9.
15 These allegations establish substantive violations of the FLSA by United Buffet.

16       The allegations in the complaint and supporting declarations also show that Ni is subject to
17 liability under the statute.  The FLSA applies to "employers," which the Act defines as "any person
18 acting directly or indirectly in the interest of an employer in relation to an employee[.]"  29 U.S.C. §
19 203(d).  The definition of "employer" is to be given "an expansive interpretation in order to
20 effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th
21 Cir.1999) (en banc) (quoting *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469
22 (9th Cir.1983)).  An individual may be held liable under the FLSA where he exercises "control over
23 the nature and structure of the employment relationship," or "economic control" over the
24 relationship.  *Lambert*, 180 F.3d at 1012 (upholding a finding of liability against a chief operating
25 officer and a chief executive officer where the officers had a significant ownership interest with
26 operational control of significant aspects of the corporation's day-to-day functions; the power to hire
27 and fire employees; the power to determine salaries; and the responsibility to maintain employment
28 records); *see also Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (finding allegations that

ORDER GRANTING  DEFAULT JUDGMENT
No. 11-cv-4194 RMW
EDM       4

manager defendants were responsible for handling labor and employment matters, held an ownership interest in the hotel where plaintiffs were employed, and were responsible for the hotel's cash management sufficient to establish liability under the FLSA).

In this case, Ni conceded that he is "in charge of the whole restaurant" and does "all the hiring and firing" of employees. Hu Decl. #2 ¶ 4(A). In addition, both Crazy Buffet's employees and its owner indicated that Ni managed the employees and the operation of restaurant. *See id.* ¶¶ 4(B)-(C). The complaint further alleges that Ni acted "directly or indirectly in the interest of the corporate defendant" with respect to United Buffet's employees. Compl. ¶ 4(b). Such allegations are sufficient to establish that Ni is an "employer" under the FLSA, and that he may be held liable for violating the minimum wage, overtime and record keeping provisions of the statute.

### 2. Remainder of the *Eitel* Factors

Most of the remaining *Eitel* factors support the entry of default judgment against United Buffet. The employees on whose behalf the Secretary brings this action would be prejudiced if default judgment were not awarded because they will be deprived of the compensation to which they are entitled under the FLSA. As United Buffet has not litigated this claim, there are no disputes concerning material facts, nor is there any evidence of excusable neglect on United Buffet's part. The policy underlying the Federal Rules of Civil Procedure favors deciding a case on its merits, but United Buffet's "failure to answer [the Secretary's] Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). The only factor which might counsel against a grant of default judgment–the large size of the recovery sought–is outweighed by the severity of the allegations against defendants. Accordingly, the court grants the entry of default judgment against United Buffet.

## B. Relief Sought

### 1. Monetary Relief

Any employer who violates the wage provisions of the FLSA is liable to employees affected in "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "An employee seeking to recover unpaid minimum wages or overtime under the FLSA has the burden of

ORDER GRANTING DEFAULT JUDGMENT
No. 11-cv-4194 RMW
EDM 5

proving that he performed work for which he was not properly compensated." *Brock v. Seto*, 790 F.2d 1446, 1447-48 (9th Cir. 1986) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Where the employer's records are inaccurate or inadequate, the employee need only produce "sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Brock*, 790 F.2d at 1448 (internal citations omitted). The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.*

### a. Gross Wages

In support of her request for gross wages due, the Secretary submits a chart for each of United Buffet's thirty-two employees showing the hours worked in two week intervals, the tips and wages paid, and the separate amounts due for minimum wage and overtime violations. *See* Hu Decl. #2, Ex. D. The gross wages due to each employee ranges from $288.00 to $23,324.00, for a total of $201,950.00. The Secretary's calculations are derived from Investigator Hu's examination of defendants' records and employee interviews. Hu. Decl. ¶ 4. The court finds that such evidence is sufficient to support the Secretary's claim that defendants' employees performed work for which they were not properly compensated. *See Rivera v. Rivera*, No. 10-cv-1345, 2011 WL 1878015, at *6 (N.D. Cal. May 17, 2011) (finding employee declarations approximating the amount of overtime worked sufficient to support an award for unpaid overtime); *Ulin v. ALAEA-72, Inc.*, No. C-09-3160, 2011 WL 723617, at *13 (N.D. Cal. Feb. 23, 2011) (approximating overtime due where few records were kept). Because defendants have failed to appear in this litigation, the Secretary's evidence stands unrefuted. The court therefore grants the Secretary's request for $201,950 in unpaid compensation.

### b. Liquidated Damages

An employer who violates the FLSA is liable for liquidated damages equal to the amount of unpaid compensation unless the employer establishes that it had "'an honest intention to ascertain and follow the dictates of the Act' and … 'reasonable grounds for believing that [its] conduct complie[d] with the Act.'" *Local 246 Utility Workers Union of America v. Southern California Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) (quoting *Marshall v. Brunner*, 668 F.2d 748, 753 (3rd

Cir. 1982)). If the employer fails to carry that burden, liquidated damages are mandatory. *See EEOC v. First Citizens Bank*, 758 F.2d 397, 403 (9th Cir. 1985). "Double damages are the norm, single damages the exception...." *Local 246 Utility Workers Union of America*, 83 F.3d at 297 (quoting *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986)).

Because defendants have failed to appear in this litigation, there is no evidence of good faith on the part of the employer in attempting to comply with the FLSA. Indeed, defendants' failure to defend this case, along with their widespread and consistent violations of the statute, suggests they do not have an "honest intention to ascertain and follow the dictates of the Act." *Id.* Accordingly, the court grants the Secretary's request for liquidated damages in the amount of $201,950.00.

### 2. Injunctive Relief

The Secretary requests two forms of injunctive relief: (1) an injunction preventing defendants from committing future violations of the FLSA, and (2) an injunction preventing defendants from withholding the award of unpaid compensation.

The purpose of issuing an injunction against future violations of the FLSA is to effectuate general compliance with the national policy to "abolish substandard labor conditions." *Brock v. Big Bear Market No. 3*, 825 F.2d 1381, 1383 (9th Cir. 1987). "In deciding whether to grant injunctive relief, a district court must weigh the finding of violations against factors that indicate a reasonable likelihood that the violations will not recur. A dependable, bona fide intent to comply, or good faith coupled with extraordinary efforts to prevent recurrence, are such appropriate factors. An employer's pattern of repetitive violations or a finding of bad faith are factors weighing heavily in favor of granting a prospective injunction." *Id.* In exercising its discretion, the court must give "substantial weight to the fact that the Secretary seeks to vindicate a public, and not a private, right." *Marshall v. Chala Enters.*, 645 F.2d 799, 804 (9th Cir. 1981).

Here, United Buffet has not demonstrated a "dependable, bona fide intent to comply" with the FLSA or to prevent recurring violations. *Brock*, 825 F.2d at 1383. Again, United Buffet's failure to appear in its own defense shows a lack of concern regarding serious infractions of federal law. Furthermore, there is no reason why defendants should not be enjoined from withholding the unpaid compensation for which the court has determined they are liable. As the Ninth Circuit has

explained, "restitutionary injunctions are an essential tool in effectuating the policy of the [FLSA]." *Chala Enters.*, 645 F.2d at 804. The court therefore grants both of the Secretary's requested injunctions.

## III. ORDER

For the foregoing reasons, the court grants the Secretary's motion for default judgment and requested relief.

DATED: February 29, 2012

RONALD M. WHYTE
United States District Judge